**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANE LOVE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AARON VILLACANA, Pasadena PD Officer, individually and in official capacity; THOMAS BUTLER, Pasadena PD Officer, individually and in official capacity; ROBERT GRIFFITH, Pasadena PD Officer, individually and in official capacity; MICHAEL OROSCO, Pasadena PD Officer, individually and in official capacity; PHILLIP POIRIER, Pasadena PD Officer, individually and in official capacity; RAFAEL SANTIAGO, Pasadena PD Officer, individually and in official capacity; CITY OF PASADENA; PHILLIP SANCHEZ, Former PPD Chief, individually and in official capacity; PEREZ, PPD Chief, individually and in official capacity; DOES, 1-10 inclusive, <br><br> Defendants-Appellees. | No.   23-3991 <br><br> D.C. No. <br> 2:20-cv-06557-PA-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 21, 2025
San Diego, California

Before: WALLACE and OWENS, Circuit Judges, and FITZWATER* District Judge.

Plaintiff-Appellant Shane Love ("Love") appeals from the district court's dismissal of his claim that City of Pasadena law enforcement officers violated the Due Process Clause of the Fourteenth Amendment when they killed Reginald Thomas, Love's father figure who resided with and raised Love. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Recently, in *Regino v. Staley*, we reiterated that when determining whether a right is cognizable to state a substantive due process claim, a district court must begin with a "'careful description' of the asserted fundamental liberty interest." 133 F.4th 951, 960 (9th Cir. 2025), quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). The district court must then decide whether an asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it was] sacrificed." *Id.*, quoting *Khachatryan v. Blinken*, 4 F.4th 841, 858 (9th Cir. 2021).

Here, as in *Regino*, and without its guidance, the district court did not

---

\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

undertake such an analysis. Accordingly, we vacate and remand for the district court to apply the *Glucksberg* analysis consistent with *Regino*.

**VACATED AND REMANDED.**